DECUIR, Judge.
This appeal arises from a suit in redhibition and unfair trade practice claim by Nancy A. Jeter adverse to M & M Dodge, Inc. and Hyundai Motor America. Prior to trial, plaintiff dismissed her claim of unfair trade practices against Hyundai Motor America, specifically reserving her claim in redhibition against this defendant and reserving all of her claims against M & M Dodge, Inc. After trial on the merits, the trial judge issued written reasons and rendered judgment in favor of plaintiff and against M & M Dodge, Inc., in the sum of $2,500.00 in addition to legal interest in connection with plaintiffs unfair trade practices claim pursuant to LSA-R.S. 51:1401, et seq., and in favor of plaintiff against both defendants on the red-hibition claim in the sum of $4,000.00. Only M & M Dodge appeals contending the trial court erred in finding M & M Dodge to be in bad faith and/or to have committed an unfair trade practice. We find no error on the part of the trial court and affirm.
In May 1990, plaintiff purchased a 1990 Hyundai Sonata from M & M Dodge. The record reflects the manufacturer’s suggested retail price to be $12,416.00. During transport from the manufacturer to M & M Dodge the automobile received a dent in the hood. The dent was repaired and repainted by M & M Dodge prior to the sale at a cost of $205.20. It is clear from the record that M & M Dodge had knowledge of the dent and repair and that this knowledge was not conveyed to plaintiff. It is also clear that the repair was not apparent to plaintiff prior to or at the time of the sale. Shortly after the sale, plaintiff discovered paint defects or ov-erspray on the hood, roof, and bumper of the automobile. Ms. Jeter returned to M & M Dodge and spoke to Ricky McMickens, sales manager of M & M Dodge, who suggested the paint defects could be the result of a substance applied to the vehicle during transport to M & M Dodge. Another M & M Dodge employee told plaintiff the defects could be due to acid rain. Plaintiff thereafter discovered from Wade Swart of Richard Kyle’s Collision Center after inspection of the vehicle that the car had been repainted. Plaintiff thereafter returned to M & M Dodge at which time Ricky McMickens acknowledged that the hood had been repainted prior to the sale. We conclude under these facts that the trial court was not manifestly erroneous in finding M & M Dodge to be in bad faith pursuant to LSA-C.C. art. 2545.
M & M Dodge argues that pursuant to LSA-R.S. 32:1260, it was under no duty to make a damage disclosure to Ms. Jeter since the purported cost of the repairs to the vehicle is less than 6% of the manufacturer’s suggested retail price. However, the record reflects that the cost of correcting the defective repairs and repainting performed by M & M Dodge exceed 6% of the suggested manufacturer’s retail price. Richard Kyle, the owner of an automobile body repair business, was qualified at trial as an expert in automobile body repair and repainting. Mr. Kyle estimated the costs of repair to be $1,500 to $2,000, which amount clearly exceeds 6% of $12,416, the suggested manufacturer’s retail price. Therefore, we conclude that R.S. 32:1260 is inapplicable to the facts of this case.
Affirmed. Costs of appeal are assessed against defendant-appellant. ■